ROBERT H. CASTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Castor v. Commissioner
Docket No. 27439-89
United States Tax Court
T.C. Memo 1991-307; 1991 Tax Ct. Memo LEXIS 359; 62 T.C.M. (CCH) 80; T.C.M. (RIA) 91307; July 8, 1991, Filed *359 Decision will be entered for the respondent. B. Gray Gibbs, for the petitioner. Randall Pooler, for the respondent. PETERSON, Chief Special Trial Judge. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b), and Rules 180, 181, and 182. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined additions to tax pursuant to the provisions of section 6653(b) for taxable years 1979, 1980, and 1981 in the amounts of $ 6,038.00, $ 5,237.00, and $ 3,959.00, respectively. [1] At trial petitioner moved to amend the pleadings to raise the issue of whether he was entitled to a deduction for travel expenses for each of the years at issue. The issues for decision are (1) whether petitioner Robert H. Castor is liable for additions to tax for fraud under section 6653(b) for taxable years 1979, 1980, and 1981, and (2) whether he is entitled to deductions under section 162(a) for expenses incurred while traveling away from home. *360 Some of the facts have been stipulated and they are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Indian Rocks Beach, Florida. FINDINGS OF FACT During the years at issue, petitioner was employed as a designer of printed circuit boards by several temporary contract employment agencies ("job shops"). Job shops provide engineering and technical support to companies with short-term personnel needs. The jobs often involve working on a specific task at a location some distance from the employee's residence. The duration of a job is typically uncertain and often lasts only until a specific project is completed. Consequently, job shop employees frequently move from one job location to another. Petitioner's employment during the years in issue was transient in character. At the beginning of 1979 petitioner worked through TAD Technical Services, designing printed circuit boards for Harris Corporation (Harris) in Palm Bay, Florida. Petitioner lived in a rented condominium in Palm Bay while he worked at Harris. When the job with Harris ended in late April of 1979, petitioner took a job through Argo Services, Incorporated (Argo), designing *361 printed circuit boards for Magnavox Corporation (Magnavox) in Fort Wayne, Indiana. Although petitioner moved to Fort Wayne for the job, he kept his condominium in Palm Bay until June of 1979. At that time he moved his possessions into a friend's condominium in Cocoa Beach, Florida. His possessions remained at his friend's condominium until the friend sold them and moved away. Petitioner claimed seven allowances on the W-4 he completed for the Magnavox job. This was one less allowance than the eight allowances he had claimed while employed by TAD Technical Services in Palm Bay, Florida. Approximately two months after completing the W-4 claiming seven allowances, he filed a second W-4 claiming that he was exempt from withholding. Petitioner claimed he was exempt from withholding on all of the W-4s he filed for subsequent jobs during the years in issue. When petitioner first arrived in Fort Wayne, he stayed at a local motel. He eventually signed a one-year lease on an apartment. In a supplement to this lease, petitioner agreed to pay rent on the Fort Wayne apartment for the term of the lease, regardless of whether he remained in Fort Wayne. The job at Magnavox lasted a little *362 over one year, until February 19, 1980. On February 25, 1980, petitioner accepted a job through Designeers Midwest, working at Cincinnati Electronics in Cincinnati, Ohio. Throughout his stint at Cincinnati Electronics, from February to September of 1980, petitioner stayed at Condon's Motel in Cincinnati. Petitioner was unemployed from September 10, 1980, to November 9, 1980. During this period he briefly returned to his apartment in Fort Wayne, and then took a trip to Florida. On November 10, 1980, Designeers Midwest placed him back at Cincinnati Electronics in Cincinnati. Petitioner again stayed at Condon's Motel for the duration of the job, which was until mid-January of 1981. When the job ended, he returned to Fort Wayne, and took another trip to Florida. On March 16, 1981, petitioner was rehired by TAD Technical Services to work for Sierra Research Corporation (Sierra) in Buffalo, New York. Petitioner worked at Sierra until October of 1981. During this period petitioner did not maintain an apartment in Fort Wayne, Indiana, or in Florida. When the job at Sierra ended, petitioner returned to Cincinnati. Designeers Midwest rehired petitioner in October of 1981 to work *363 at General Electric in Cincinnati. This job lasted approximately three weeks. In November of 1981 Designeers Midwest transferred petitioner to Xomox Corporation (Xomox), which was also in Cincinnati. The job with Xomox lasted approximately two months. While working at General Electric and Xomox Corporation, petitioner stayed at a motel in Cincinnati. For the years 1979, 1980, and 1981, petitioner failed to file Federal income tax returns. He had ceased filing tax returns in 1975 after having had difficulties with his 1974 tax return. In 1986, petitioner filed tax returns for 1979 through 1981 after he was charged with and pled guilty to willful failure to file tax returns. OPINION Section 6653(b) Additions to Tax for Fraud
Respondent determined petitioner was liable for additions to tax under section 6653(b) for the taxable years 1979, 1980, and 1981. Respondent has the burden of proving fraud by clear and convincing evidence, Section 7454(a); Rule 142(b). To meet this burden, respondent must show that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. ; *364 . The existence of fraud is a question of fact to be determined from the entire record. . Fraud is not to be imputed or presumed. . However, fraud may be proven by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may be examined to establish the requisite fraudulent intent, , and the intent to conceal or mislead may be inferred from a pattern of conduct. . Petitioner was convicted of willful failure to file a timely tax return for each of the years 1979, 1980, and 1981. He also failed to file tax returns for the years 1975 through 1978. Although the failure to file tax returns does not, in itself and without more, establish liability for the addition to tax under section 6653(b), , *365 a pattern of non-filing is persuasive evidence of an intent to defraud the government. , affg. a Memorandum Opinion of this Court. Where there has been an intentional failure or refusal to file a tax return coupled with other, independent evidence of fraudulent intent, this Court and other courts have not been hesitant to impose the addition to tax for fraud. . In addition to not filing tax returns for the years in issue, petitioner filed seven false W-4s during those years. This filing of false W-4 forms is sufficient independent evidence indicative of an attempt to evade the payment of income taxes. ; . Petitioner stated that he filed the false W-4s because he did not think that he would owe any tax at the end of the year, or if he did, he would owe only a small amount. However, petitioner had ceased filing tax returns four years earlier. By filing false W-4s, petitioner did more than prevent what he felt was unnecessary withholding *366 since he ensured that he would pay no tax for the years in issue regardless of his tax liability. We thus find that petitioner did intend to evade the payment of taxes and is, therefore, liable for the additions to tax as determined by respondent. Deductions for Expenses Incurred Away from Home
At trial petitioner moved to amend his pleadings to claim deductions for living expenses incurred while away from home. Petitioner has the burden of establishing that he is entitled to the deductions he claims. . Section 162(a)(2) allows a deduction for amounts expended for lodging, food, and travel while away from home in pursuit of a trade or business. A deduction is allowable under this section only if the expenses were ordinary and necessary, incurred while away from home, and incurred in pursuit of the taxpayer's trade or business. . The question here is whether petitioner was "away from home" when he was working at the various jobs he held during the years in issue. There are two prerequisites for petitioner to have been away from *367 home when he worked at the various jobs. First, his employment away from home must be temporary, rather than for an indefinite period of time. ,affg. . The parties do not dispute that petitioner's employment was temporary in nature. The second prerequisite is that petitioner must actually have had a tax home he was away from when he was at his temporary locations. . Petitioner contends that he maintained a home in Florida throughout the years in issue and that he is entitled to deduct duplicate expenses incurred and paid while away from this home on temporary job assignments. Alternatively, petitioner contends that his home was in Florida between April and June of 1979 and that he had duplicate living expenses during that period. Finally, petitioner contends that his home was in Fort Wayne, Indiana, after he rented an apartment there in September of 1980, and that he had duplicate living expenses throughout the period he was working in Cincinnati. Respondent contends that petitioner was never "away *368 from home" on any of his jobs because petitioner did not have a home other than where he happened to be working. Respondent's position is that petitioner was an itinerant worker whose home traveled with him to each of his places of employment. We agree with respondent. Petitioner did not maintain a tax home in Florida after he took the job at Magnavox in Fort Wayne, Indiana, in April of 1979. Petitioner kept his apartment in Florida only two additional months after taking the job in Fort Wayne. In June of 1979, petitioner moved his belongings out of the apartment and stored them at a friend's apartment. Subsequently, this "home" disappeared when the friend sold petitioner's belongings and moved away. Petitioner lost track of his friend -- and presumably his home in Florida -- after this occurrence. Nor was petitioner's apartment in Fort Wayne his tax home after the assignment at Magnavox ended. Petitioner's contacts with Fort Wayne were minimal after the Magnavox job ended. He did not have family in Fort Wayne. He did not work there again. Although petitioner continued to pay rent on his apartment in Fort Wayne because he though Magnavox might need him again, this fact *369 is insufficient to justify a determination that the apartment was petitioner's home. See . On this record, we find that petitioner was an itinerant worker whose home was wherever he worked. Consequently, he is not entitled to deduct the living expenses he claims. Decision will be entered for the respondent. Footnotes
1. Petitioner was convicted for failure to file income tax returns for the years involved. Under the terms of his probation he was required to file his tax returns and pay the tax. Respondent accepted the returns as filed, except as to the additions determined in the notice of deficiency.↩